**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**DELANEY K. WATT,**

**Petitioner,**

**v.** **Case No. 26-CV-1533**

**PAULA STROUDT,**

**Respondent.**

---

## RULE 4 ORDER

---

Delaney K. Watt, who is currently incarcerated at the Wisconsin Secure Program Facility, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Watt was convicted in Fond du Lac County Case No. 19-CF-131 of multiple felony counts, including first-degree recklessly endangering safety, first-degree reckless injury, possessing a firearm as a convicted felon, possession of THC, maintaining a drug trafficking place, and drug trafficking. (*Id.* at 2.) Watt challenges the constitutionality of his judgment of conviction. Watt has paid the statutory $5.00 filing fee; thus, his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases.

Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Watt raises three grounds for relief in his habeas petition. Grounds One and Three allege ineffective assistance of trial counsel. (Docket # 1 at 6, 8.) Ground Two alleges

violation of his Fifth Amendment right against self-incrimination. (*Id.* at 7.) Watt states that he raised these issues before the Wisconsin Court of Appeals and the Wisconsin Supreme Court. (*Id.* at 3.) Thus, as it appears Watt's petition sets forth cognizable constitutional claims and he appears to have exhausted his state court remedies, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

Watt has also filed a letter dated September 13, 2026, asking various questions regarding the habeas process after the petition is filed. The clerk's office will provide Watt a copy of the court's guide for *pro se* litigants addressing common habeas corpus questions, along with this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that a copy of Watt's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED** that the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED** that unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. While the petitioner filed a brief simultaneously with his petition (Docket # 2), petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file any additional brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's additional brief within which to file a brief in opposition. If petitioner does not file an additional brief, the respondent has **forty-five (45)** days from the due date of the petitioner's additional brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 21st day of September, 2026.

BY THE COURT

Nancy Joseph

NANCY JOSEPH
United States Magistrate Judge